# EXHIBIT A

# THE STATE OF NEW HAMPSHIRE
## Rockingham Superior Court
PO Box 1258
Kingston, NH 03848 1258
603 642-5256

## ORDER OF NOTICE

Robert Rockwood v. SKF USA Inc.
Roxana Marchosky

NO. 08-E-0155                                      RETURN DAY:  05/06/2008

You have been sued and named as a party in a case filed with the
Rockingham Superior Court.  Attached is a copy of the pleading which
began this case.

Robert Rockwood, Roxana Marchosky shall notify each Defendant of the
above action by serving the defendant(s) by April 21, 2008 with a
copy of the pleading initiating the case, orders that the Court has
already issued, and this Order in a manner allowed by law.
Plaintiff shall file with the Clerk verification of the service
process by May 06, 2008.

**IMPORTANT NOTICE TO SKF USA Inc.:**
You must file a written appearance form with the Clerk on or before
May 06, 2008.  You must also file by June 05, 2008 a plea, answer or
demurrer.  Send a copy of the appearance form and any other
documents filed with the court to the attorney for the party filing
the pleading or to the party if there is no attorney.  The name and
address of the attorney or the party filing the pleading is
contained in the pleading.  If you do not comply with these
requirements you will be considered in default, you will not have an
opportunity to dispute the claim(s) and the court may issue orders
in this matter which may affect you without your input.

BY ORDER OF THE SUPERIOR COURT

03/11/2008

Raymond Taylor
Clerk of Court

AOC Form SUEP140 (Rev. 09/20/2001)

STATE OF NEW HAMPSHIRE

NO.

ROCKINGHAM
SUPERIOR COURT
Superior Court

Rockingham, ss.

2008 MAR 10 P 1: 07

Docket No: 08 - 15 - 0135

---

ROBERT ROCKWOOD and
ROXANA MARCHOSKY
            Plaintiffs,
vs.

SKF USA Inc.
            Defendant.

---

)
)
)
)
)
)
)
)
)
)

## PETITION FOR DECLARATORY RELIEF

### Introduction

NOW COMES the Plaintiffs, Robert Rockwood, and Roxana Marchosky, and brings this
Petition for Declaratory Relief pursuant to RSA 491:22 seeking a declaration that the Plaintiff
has a right to recover, and the Defendant has unsatisfied obligations, under a certain Agreements
entered into between the Defendant and the Plaintiffs on or about October 1, 2003, October 23,
2003, and January 2004.

### Parties

1. The Plaintiff, Robert Rockwood ("Rockwood") is a New Hampshire resident domiciled
   at 2 Wildwood Road , Windham, New Hampshire.

2. The Plaintiff, Roxana Marchosky ("Marchosky") is a New Hampshire resident domiciled
   at 13 Camelot Road,  Windham, New Hampshire.

3. The Defendant, SKF USA, Inc. ("SKF") is a corporation having a usual place of business
   at 1111 Adams Avenue, Norristown, PA 19403.

## Jurisdiction and Venue

1.  This Court has jurisdiction pursuant to R.S.A. 491:7. The Rockingham County Superior Court is the proper venue for this action under R.S.A. 507:9, because the Plaintiff's Rockwood and Marchosky reside in Rockingham County, New Hampshire.

2.  This Court can exercise jurisdiction in personam over Defendant, because Defendant has transacted business within the State of New Hampshire within the meaning of RSA 510:4(I), including but not limited to traveling to New Hampshire to obtain goods and services, negotiating and entering into a contractual relationship with Plaintiff in New Hampshire, traveling to New Hampshire for the purpose of securing contracts and agreements from Plaintiff, signing contracts in New Hampshire, obtaining valuable technical information from Plaintiffs in New Hampshire, selling products to Plaintiff, as well as others, sold and delivered in New Hampshire on an ongoing basis before, during and after the agreement leading to this action, shipping goods to Plaintiff in New Hampshire, having payments sent to Plaintiff in New Hampshire, seeking and obtaining payments from Plaintiff in New Hampshire, and sending and obtaining communications and information to and from New Hampshire by US Mail, fax, telephone and email.

## Underlying Facts

4.  The Defendant, SKF USA, Inc. has engaged in various breaches of contract, misrepresentations, fraud, unfair and deceptive business practices, reprehensible, egregious and outrageous conduct and violations that have harmed Defendants Rockwood and Marchosky, during the period from on or about 2005 to the present.

5.  The Plaintiffs and Defendant, SKF negotiated entering into an Agreement on or about January of 2004, to initiate a joint venture between the parties, designed to lead to the acquisition of Environamics by SKF.

6.  On or about January 13, 2004 the parties executed a Buy-Sell Agreement, under which SKF was to perform as the exclusive distributor for Environamics products in the United States, and worldwide. This agreement was valid for fifteen (15) months, or until expiration of the Option Term under the Option Agreement for SKF to acquire Environamics, whichever occurred later. In addition, the Option Agreement required

good faith negotiations by the parties, upon the expiration of the time for the option to be exercised, for an extension of up to an additional nine months.

7. Under the Buy-Sell Agreement and subsequent to it, the parties agreed that:

   a) Plaintiff (Environamics) had to terminate the majority of its existing distribution network that was currently sellingPlaintiffs' company ,Environamics, products, and turn over the marketing, sales, and service of Environamics products to Defendant (SKF), with the exception of a certain specified few distributors in the USA.

   b) Defendant (SKF) would undertake all marketing, sales and service of Environamics products.

   c) Defendant (SKF) would assume all responsibility for, and would provide for the marketing, sales, and service, manpower and facilities to sell and service Environamics products, and grow the sales pursuant to SKF's business plan.

   d) Defendant (SKF) represented the financial wherewithal, and agreed to provide substantial financial and manpower resources, including but not limited to 13 Reliability Service Specialists, 19 Reliability Direct Sales People, 19 Industry Specialists, 50 Direct Bearing Sales People, and appropriate management personnel to support the program, with the necessary directives, compensation and incentives to motivate and drive the sales production and growth in accordance to the business plan SKF developed and put forth to Environamics.

   e) Defendant (SKF) was to provide sales tools, including but not limited to the producing of multiple brochures, demo tools, demo vehicles, and other marketing tools to produce and grow the sales of Environamics products.

   f) Defendant (SKF) was to generate sales and achieve a sales "run rate" of $10 million by the end of 2004.

   g) Defendant (SKF) was to acquire Environamics Corporation .

   h) Plaintiffs Rockwood and Marchosky were to benefit personally from the sale of the corporation to Defendant SKF.

8. On or about January 14, 2004 the parties executed the Option Agreement (option for SKF to acquire Environamics). This agreement was valid for fifteen (15) months, with an option to extend for an additional nine (9) months, with good faith negotiations.

9. Based on representation by Defendant's (SKF) business plan and forecasted sales levels, and based on representation made by SKF to Wells Fargo Business Credit, on or about March 2004, and thereafter, that SKF would be investing more than $10 million into

Environamics over the next 6- 12 months, and that SKF would deploy the necessary financial resources and manpower to execute and deliver the sales to Environamics as represented in the business plan SKF generated and provided to Environamics and to Wells Fargo, Wells Fargo then provided Environamics a loan, as SKF required, to support the global marketing sales volume SKF had committed to generate for Environamics products, and provide 12-15 months working capital, and other cash needs to operate the company, per SKF's requirements, until the acquisition by SKF was completed, as was represented, and assured by SKF to both Environamics and Wells Fargo throughout the processing of the loan, and thereafter.

10. Defendant, SKF, failed to perform as represented to the Plaintiffs and Wells Fargo, and reneged on its agreements with Plaintiffs, failed to deliver the sales it promised, failed to invest the monies it promised to invest into Environamics, and failed to purchase the company, as it promised, unfairly leaving Environamics, Rockwood, and Marchosky, as guarantors, with the debt obligation to Wells Fargo Business Credit.

11. Further, SKF acted in bad faith, and engaged in unfair, deceptive, and bad faith business practices by withholding sales efforts, withholding orders and threatening to cancel orders already placed and in process, after Plaintiffs and Environamics had trained over sixty SKF sales and support personnel and expended resources and funds in reliance of SKF's promises. Further, SKF acted in bad faith in withholding from Environamics actual orders that SKF had received from customers, SKF sought to unfairly coerce benefits for itself from Environamics, Rockwood and Marchosky that were extortive and unwarranted, by withholding, and by threatening to withhold orders, in order to coerce from the Plaintiffs, a reduction of the acquisition price, all in bad faith, and in a course of egregious, reprehensible conduct and unfair business practices.

## Causes of Action
### Count I
### (Breach of Contract)

12. The allegations contained in paragraph 1 through 12 are hereby incorporated by reference as if fully and completely set forth herein.

13. Defendant (SKF), by its actions and statements, has breached the terms of the agreements with the Plaintiff's, and has harmed the Plaintiffs.

14. The Plaintiffs deny that SKF has any rights, or that Plaintiffs  have any obligations remaining under the agreements with SKF.

15. Defendant SKF has obligations of payments to Plaintiffs, including but not limited to, payments to Plaintiffs for the loan that Environamics, with the Plaintiffs as guarantors, obtained from Wells Fargo Business Credit, based on, and relying on the representations made by SKF on or about January 2004 through May of 2004, and thereafter, representations made by SKF to Wells Fargo and to Environamics, Rockwood and Marchosky. These representations included, but are not limited to, that SKF would invest $10 Million dollars into  Plaintiffs' company, Environamics, during the Buy Sell and Option period, that Plaintiffs' would be able to therein obtain repayment of their equity funding, provided by them into the company, that SKF was going to increase the sales of Environamics, and deploy the sixty plus sales force Environamics trained, as represented in the business plan SKF produced and provided to Environamics and to Wells Fargo, and that SKF assuredly was acquiring Environamics, pursuant to the Option Agreement with Environamics.

16. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count II
### (Breach of Contract)

17. The allegations contained in paragraph 1 through 17 are hereby incorporated by reference as if fully and completely set forth herein.

18. By its actions and conduct, including its failure to comply with the terms of the Buy-Sell and Option Agreements with  Plaintiffs and  with Environamics dated January 2004, including but not limited to SKF's failure to execute and deliver the funding it promised to the Plaintiffs and their company, by SKF's failure to deliver the sales of Environamics products in SKF's business plan, SKF's failure to provide periodic forecasts, per the Agreements, SKF's failure to provide Environamics sales and marketing information, SKF's failure to negotiate in good faith, SKF's failure to comply with the requirements of the Buy-Sell Agreement, SKF's failure to comply with the Option Agreement

requirements, SKF's failure to comply with the terms of the Option Agreement, SKF's failure to deliver orders in a timely manner, SKF's collecting profits from sales to customers and failing to provide follow up service and support, by SKF's misrepresentations to the Plaintiffs, and to Wells Fargo, and others, including customers of Environamics, SKF's withholding of orders for Environamics products, SKF's failure to negotiate in good faith during the term of the Agreements, SKF's failure to negotiate in good faith as required after the Agreements period of time expired for the acquisition of Environamics, SKF has materially breached the agreements.

19. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count III
## (Breach of Contract)

20. The allegations contained in paragraph 1 through 20 are hereby incorporated by reference as if fully and completely set forth herein.

21. By its actions and conduct, including its failure to make sales of Environamics products, business development and support calls on available customers, in accordance with the business plan developed by SKF and presented to the Plaintiffs to induce them to enter into the agreements with Defendant, by the Defendant making promises of funding and sales, on which the Plaintiffs relied to their detriment, and by promises made to secure a loan from Wells Fargo for Environamics to fund the sales  training and operations for sales promised by SKF, on which promises the Plaintiffs relied, SKF has breached its agreements with the Plaintiffs.

22. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count IV

**(Breach of Contract)**

23. The allegations contained in paragraph 1 through 23 are hereby incorporated by reference as if fully and completely set forth herein.

24. By its actions in negotiating agreements that were detrimental to the Plaintiffs, with competitors of Environamics, and/or by withholding this information from the Plaintiffs, and Palintiffs' company and by not using the efforts it was required to use by the agreements with the Plaintiffs and Environamics SKF breached its agreements with the Plaintiffs.

25. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

**Count V**
**(Breach of Contract and Bad Faith)**

26. The allegations contained in paragraph 1 through 26 are hereby incorporated by reference as if fully and completely set forth herein.

27. On or about October 23, 2003 SKF signed a Confidentiality Agreement with Environamics.

28. On or about April 8, 2004 Tom Schwandt signed a Confidentiality Agreement with Environamics.

29. At various dates, on or about 2004 through the present, SKF engaged in conduct, including the obtaining and or using Environamics' confidential and proprietary business information from Tom Schwandt, that SKF had no right to obtain or have, or use, and SKF thereby violated the aforementioned Agreements, which damages accrued to the damage of the Plaintiffs.

30. By its actions and conduct, from on or about April of 2004 through the present, including but not limited to obtaining without right, and using Environamics proprietary and/or confidential business information, in violation of the terms of the Confidentiality Agreements, SKF materially breached the agreement which SKF had entered into with Environamics and the Plaintiffs.

31. By its actions and conduct, from on or about April of 2004, SKF caused Tom Schwandt to violate the Confidentiality Agreement he had signed with Environamics, SKF breached the confidentiality agreements with Environamics, and acted in bad faith, accruing to the damage of the Plaintiffs.

32. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count VI
### (Tortuous Interference with Contractual Relationships)

33. The allegations contained in paragraph 1 through 33 are hereby incorporated by reference as if fully and completely set forth herein.

34. By its actions on or about 2004, 2005, and or 2006, to induce Tom Schwandt to obtain, and pass to SKF, the confidential and proprietary business information of Environamics, while Tom Schwandt was under the obligations of a Confidentiality Agreement with Environamics, SKF has tortiously interfered with contractual relationships between Environamics and Tom Schwandt, which accrued to the damage of the Plaintiffs.

35. As a result of its actions, Defendant, SKF has adversely affected and damaged Plaintiffs' business, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this Court.

## Count VII
### (Tortious Interference With Contractual Relationships and Bad Faith)

36. The allegations contained in paragraph 1 through 36 are hereby incorporated by reference as if fully and completely set forth herein.

37. By its actions, on or about 2006, in encouraging Tom Schwandt to seek employment with a competitor to Environamics and the Plaintiffs, while Tom Schwandt was encumbered by a non-compete agreement with Environamics and the Plaintiffs, SKF has tortiously

interfered with contractual relationships between Environamics and Tom Schwandt, and the Plaintiffs, and has acted in bad faith.

38. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count VIII
## (Breach of Contract)

39. The allegations contained in paragraph 1 through 39 are hereby incorporated by reference as if fully and completely set forth herein.

40. By its actions and conduct in failing to follow up on, and/or in derailing sales opportunities, including but not limited to sales to Mexico, South America, Europe and Africa, and by failing to develop any international sales, contrary to SKF's representations to the Plaintiffs, and by failing to seek or obtain any sales in the rest of the world , SKF has breached its agreement with the Plaintiffs.

41. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count IX
## (Breach of Contract, Bad Faith, Unfair and Deceptive Trade Practice)

42. The allegations contained in paragraph 1 through 42 are hereby incorporated by reference as if fully and completely set forth herein.

43. By its actions and omissions, SKF breached the agreements with the Plaintiffs, Plaintiffs' company,Environamics, by withholding business and technical information, sales information and or sales leads and service requirements concerning customers after the expiration of the agreement, thereby precluding the Plaintiffs and Environamics from providing appropriate service and sales to customers and potential customers. In addition,

these actions by SKF are in bad faith, and an unfair and deceptive trade practice within the meaning of New Hampshire Statute RSA 358-A.

44. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.


## Count X
## (Bad Faith, Duress and/or Coercion)

45. The allegations contained in paragraph 1 through 45 are hereby incorporated by reference as if fully and completely set forth herein.

46. By its actions and conduct, from on or about 2004 through the present, including but not limited to several instances in or about 2005 and 2006, where SKF took steps and actions to coerce and force the Plaintiffs into an unreasonable, unfavorable and one-sided acquisition agreement, reducing the agreed acquisition price, having failed to deliver the sales pursuant to SKF's business plan and promised sales, and after requiring Environamics to dismantle its existing sales force, and requiring that Plaintiffs and Plaintiffs' company to enter into a loan agreement with Wells Fargo, thereby placing Plaintiffs and Plaintiffs' company in an untenable financial and business condition, in order to obtain a bad faith negotiating advantage, SKF has failed to act in good faith, and has engaged in unfair trade practices.

47. SKF engaged in unfair business practices, betrayed the trust and honor and reliance of the Plaintiffs, and engaged in reprehensible and egregious conduct to obtain unfair advantage and financial gain over Rockwood and Marchosky.

48. SKF engaged thereby in unconscionable, undue and unwarranted bad faith tactics, to exert duress and coercion upon, by which SKF did a "squeeze" on Plaintiffs, to obtain a financial benefit for itself, to the detriment of the Plaintiffs, to obtain a reduction of the previously agreed acquisition price.

49. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial

damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XI
### (Breach Of Implied Covenant Of Good Faith)

50. The allegations contained in paragraph 1 through 50 are hereby incorporated by reference as if fully and completely set forth herein.

51. By its actions and conduct, including but not limited to Defendant's failure to comply and comport with the representations that it made to, Rockwood and Marchosky, and on which the Plaintiffs relied to enter into the agreements, that SKF would deploy the necessary resources to achieve the SKF business plan, and the sales levels SKF promised to both the Plaintiffs and to Wells Fargo, in order to induce Wells Fargo to provide a loan to Plaintiffs, relying on SKF's representations, SKF has not met its good faith obligations, and has breached the implied covenant of good faith, has acted egregiously, unconscionably, and outrageously, has violated statutory requirements, and has acted contrary to public policy.

52. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XII
### (Fraud In The Inducement)

53. The allegations contained in paragraph 1 through 53 are hereby incorporated by reference as if fully and completely set forth herein.

54. By its actions and conduct, including but not limited to various instances on or about 2004 and 2005, through the present, where SKF made representations to the Plaintiffs, and to Wells Fargo Business Credit, including but not limited to that SKF promised to make and deliver financial resources to Plaintiffs' company, including a Ten Million ($10M) investment and monies into Plaintiffs' company, with payments to Plaintiffs

therefrom, that SKF would use its sixty plus strong sales force to sell Environamics products through SKF's existing and established contacts representations of specific sales of Environamics' products, pursuant to SKF's business plan for sales, whereby SKF would make sales and provide for the distribution of Environamics products in the United States and worldwide,  inducing Plaintiffs to enter into the Buy-Sell Agreement and the Option Agreement, and inducing Plaintiffs  to terminate its own sales and distribution channels, representing that SKF would deliver the sales of Environamics' products, and by requiring Plaintiffs and Environamics to terminate and dismantle its existing sales force, representing that SKF would step in to fill the vacated sales manpower, and by inducing Plaintiffs to take a loan to support SKF's sales and business plan, and enter into a loan agreement with Wells Fargo, SKF fraudulently induced the Plaintiffs into Agreements, in order to obtain a bad faith negotiating advantage, and SKF has thereby acted fraudulently, and has fraudulently induced the Plaintiffs.

55. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.


## Count XIII
## (Fraud In The Inducement)

56. The allegations contained in paragraph 1 through 56 are hereby incorporated by reference as if fully and completely set forth herein.

57. By its conduct, including but not limited to SKF's representations made to Plaintiffs and to Wells Fargo, Environamics proceeded to secure a loan with lender Wells Fargo to support the business plan and investment representations made by Defendant SKF. SKF failed to perform and produce the sales it agreed to produce and deliver to Plaintiffs and Plaintiffs' company, in accordance with SKF's business plan, depriving Plaintiffs' of the promised revenues and monies, and SKF failed to make the investments it represented to the Plaintiffs and Wells Fargo it would make. SKF's misrepresentations and actions and omissions, and withholding of monies, resources and sales, were designed to place the Plaintiffs in an untenable financial and business condition, in order for SKF to attain a

bad faith negotiating advantage, which actions by SKF were fraudulent, and were designed to induce Plaintiffs into a disadvantageous acquisition by SKF.

58. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XIV
### (Fraud In The Inducement)

59. The allegations contained in paragraph 1 through 60 are hereby incorporated by reference as if fully and completely set forth herein.

60. By its actions and conduct, including but not limited to several instances in 2005, 2006, where SKF acted fraudulently in inducing the Plaintiffs to continue negotiations on offers made by SKF post Option Agreement, offers made to restructure the price to acquirePlaintiffs' company and make payments to the Plaintiffs, and acquire its shares , then withdrew the offers, made new offers, withdrew the new offers, made demands to renegotiate offers, made demands to renegotiate terms, threatened to "walk away" from offers if they were not accepted immediately, threatened to withhold and rescind customer orders already given to Plaintiffs company, all while and after SKF breached its agreements with Plaintiffs and Plaintiffs' company, failing to perform according to its business plan, and causing the Plaintiffs to be placed in an untenable financial position, in order to attain a bad faith negotiating advantage, SKF has acted fraudulently to induce the Plaintiffs into negotiations for an acquisition of Plaintiffs' company.

61. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XV
### (Fraud)

62. The allegations contained in paragraph 1 through 62 are hereby incorporated by reference as if fully and completely set forth herein.

63. By its actions and conduct on or about 2004, 2005, 2006 in representing that SKF would develop and follow up sales leads and opportunities, allowing Plaintiffs to expend resources and monies pursuing these sales, only to then derail the sales, and the sales opportunities, including but not limited to sales opportunities and leads in Mexico and Africa, and Europe, and by failing to develop any international sales, contrary to SKF's representations to the Plaintiffs, SKF has acted fraudulently, contrary to agreements, promises and commitments with and made to the Plaintiffs by SKF.

64. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XVI
### (Unfair And Deceptive Trade Practice)

65. The allegations contained in paragraph 1 through 65 are hereby incorporated by reference as if fully and completely set forth herein.

66. By its actions and conduct, including but not limited to several instances on or about 2004, 2005 and 2006, SKF took steps and actions to coerce and force the Plaintiffs into an unreasonable, unfavorable and one-sided acquisition agreement, after failing to produce the sales of Environamics products that SKF promised and committed to deliver to Plaintiffs, after requiring Plaintiffs to dismantle its existing sales force, and then further demanding that Plaintiffs and Plaintiffs company terminate the remaining few distributors SKF had originally agreed would keep, and after requiring Plaintiffs to enter into a loan agreement with Wells Fargo designed specifically to support SKF's business plan, to place the Plaintiffs in an untenable financial and business, in order to attain a bad faith negotiating advantage, SKF has acted fraudulently, unfairly and deceptively, within

the meaning of New Hampshire Statute RSA 358-A, to induce the Plaintiffs into an unreasonable acquisition.

67. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XVII
### (Fraud By Withholding Orders)

68. The allegations contained in paragraph 1 through 68 are hereby incorporated by reference as if fully and completely set forth herein.

69. By its actions and conduct on or about 2005 and other times, including but not limited to withholding orders for Environamics products it had obtained from customers for Environamics' products, Defendant SKF took steps and actions to withhold orders, to fraudulently reduce the value of the corporation, and reduce thereby the price for acquisition purposes, and to coerce and force the Plaintiffs into an unreasonable, unfavorable and one-sided acquisition agreement, and forcing Plaintiffs and Plaintiffs' company to expend additional funds and resources, without reimbursement, to fulfill the concealed, withheld and delayed customer orders.

70. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XVIII
### (Unjust Enrichment)

71. The allegations contained in paragraph 1 through 71 are hereby incorporated by reference as if fully and completely set forth herein.

72. By its actions on or about 2005 through 2006, Defendant SKF failed to pay for goods and services it received, and owes Plaintiffs and Plaintiffs' company invoiced amounts of $574,000.

73. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XIX
### ( Breach of Contract &Unjust Enrichment)

74. The allegations contained in paragraph 1 through 74 are hereby incorporated by reference as if fully and completely set forth herein.

75. By its actions on or about 2005 through 2006, Defendant SKF has breached the agreements, and is unjustly enriched by collecting and keeping for its use and benefit, the profits from the sale of Environamics products to customers and failing to provide the agreed service and support to those customers, in violation of the agreements with Environamics.

76. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XX
### (Unfair and Deceptive Trade Practice)

77. The allegations contained in paragraph 1 through 77 are hereby incorporated by reference as if fully and completely set forth herein.

78. By its actions and conduct on or about 2005 through 2006, including but not limited to withholding orders for Environamics products it had obtained from Environamics' customers, and threatening to rescind orders it had already placed and delivered to Environamics from customers for Environamics products, SKF took steps and actions to

withhold orders, to fraudulently reduce the value of the corporation, and reduce thereby the price for acquisition purposes, and to coerce and force the Plaintiffs into an unreasonable, unfavorable and one-sided acquisition agreement, and to force Plaintiffs and Plaintiffs' company to expend additional funds and resources, without reimbursement, to fulfill the concealed and withheld customer orders, and has engaged in unfair and deceptive trade practices within the meaning of New Hampshire Statute RSA 358-A.

79. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XXI
### (Intentional Infiction of Emotional Distress and Bad Faith)

80. The allegations contained in paragraph 1 through 80 are hereby incorporated by reference as if fully and completely set forth herein.

81. By its conduct and actions in 2005 through 2006, including but not limited to failure to perform, fraud, misrepresentation, and inducement, Defendant SKF has caused and inflicted, in bad faith, extreme intentional emotional distress to the stockholders, Plaintiffs, Plaintiffs' company and employees and vendors of Plaintiffs' company.

82. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XXII
### (Damage to Good Will)

83. The allegations contained in paragraph 1 through 83 are hereby incorporated by reference as if fully and completely set forth herein.

84. By its conduct and actions in 2005 through 2006, including but not limited to failure to perform, fraud, misrepresentation, fraud in the inducement, withholding of customer

orders, bad faith actions and negotiations, and wasteful expenditures of Plaintiffs and Plaintiffs' company's resources, Defendant SKF has damaged the goodwill of Plaintiffs, Plaintiffs' company with employees, vendors and customers, vendors and the world at large.

85. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XXIII
### (Breach of Contract)

86. The allegations contained in paragraph 1 through 86 are hereby incorporated by reference as if fully and completely set forth herein.

87. By its actions and omissions in 2005 through 2006, in failing to use the same business efforts for Plaintiffs' and Plaintiffs' company as SKF used for its own business, in contravention of the representations made to Plaintiffs and agreements with Plaintiffs and Plaintiffs' company, Defendant SKF breached its agreement with Plaintiffs.

88. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XXIV
### (Fraud in the Inducement)

89. The allegations contained in paragraph 1 through 89 are hereby incorporated by reference as if fully and completely set forth herein.

90. By its actions and omissions in 2005 through 2006, in failing to use the same business efforts for Environamics as SKF used for its own business, in contravention of the representations made to Plaintiffs and Plaintiffs' company and agreements with Plaintiffs

and Plaintiff's company, Defendant SKF fraudulently induced the Plaintiffs into a Buy-Sell Agreement, Option Agreement, and loan with Wells Fargo.

91. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XXV
### (Bad Faith)

92. The allegations contained in paragraph 1 through 92 are hereby incorporated by reference as if fully and completely set forth herein.

93. By its actions and omissions in 2005 through 2006, in failing to use the same business efforts for Plaintiffs and for Plaintiffs' company as SKF used for its own business, in contravention of the representations made to Plaintiffs and Plaintiffs' company and agreements with Plaintiffs and Plaintiffs' company, Defendant SKF, in bad faith, fraudulently induced the Plaintiffs into a Buy-Sell Agreement, Option Agreement, and loan with Wells Fargo.

94. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XXVI
### (Slander and Defamation)

95. The allegations contained in paragraph 1 through 95 are hereby incorporated by reference as if fully and completely set forth herein.

96. By its actions in 2005 - 2005 in falsely accusing Plaintiffs of processing and shipping orders that did not go through SKF, thereby allegedly taking sales away from SKF, Defendant SKF has slandered and defamed Plaintiffs and Plaintiffs company.

97. As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

### Count XXVII
### (Fraudulent Misrepresentation)

98. The allegations contained in paragraph 1 through 98 are hereby incorporated by reference as if fully and completely set forth herein.

99. By its actions in 2005 – 2005 in falsely accusing Plaintiffs of processing and shipping orders that did not go through SKF, and thereby taking monies from Defendant SKF, SKF has fraudulently misrepresented the actions of Plaintiffs, designed to diminish funding to Plaintiffs' and Plaintiffs' company, and forcing Plaintiffs, and Plaintiffs' company into an untenable financial condition, in order to coerce a reduced sale price for the acquisition of the company.

100.    As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

### Count XXVIII
### (Unfair and Deceptive Trade Practice &Bad Faith)

101.    The allegations contained in paragraph 1 through 101 are hereby incorporated by reference as if fully and completely set forth herein.

102.    By its actions in 2005 – 2005 in falsely accusing Plaintiffs of processing and shipping orders that did not go through SKF, Defendant SKF has acted in bad faith, and has engaged in unfair and deceptive trade practice within the meaning of New Hampshire Statute RSA 358-A, designed to diminish funding to Plaintiffs and Plaintiffs company and forcing Plaintiffs' company into an untenable financial condition, in order to coerce a reduce the sale price for the company.

103.    As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiffs' business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Count XXIX
### (Coercion and Duress)

104.    The allegations contained in paragraph 1 through 104 are hereby incorporated by reference as if fully and completely set forth herein.

105.    By    its    actions    in    2005–2006    in    falsely    accusing    the Plaintiffs of processing and shipping orders that did not go through SKF, Defendant SKF has engaged in unfair and deceptive trade practice, designed to diminish funding to Plaintiffs and Plaintiffs' company and forcing Plaintiffs and Plaintiffs' company into an untenable financial condition, in order to coerce an agreement, under duress, to a reduce sale price for the company.

106.    As a result of its actions, Defendant SKF has adversely affected and damaged Plaintiff's business, personal, financial, contractual and business relationships, to the substantial damage and detriment of the Plaintiffs, within the minimum and maximum jurisdictional limits of this court.

## Jury Trial

107.    The Defendants request a jury trial in this matter.

## Prayers for Relief

WHEREFORE, the Plaintiffs respectfully requests that this Court:

1. Order Defendant to repay the loan to Wells Fargo.
2. Order Defendant to pay monies owed to Plaintiff Environamics.
3. Order Defendant to pay damages to Plaintiff Environamics.
4. Order Defendant to pay damages to Plaintiff Rockwood.
5. Order Defendant to pay damages to Plaintiff Marchosky.

6. Declare that Plaintiff has no further obligations to Defendant.

7. Award treble damages and attorney's fees under New Hampshire Statute RSA 358-A.

8. Award Plaintiffs all costs and attorney's fees.

9. Grant such other relief as may be just.

Respectfully submitted,

March 9, 2008                                   By:

Roxana Marchosky, Esq.
PO Box 845
Windham, NH 03087