```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Robert Rockwood and**
**Roxana Marchosky**

   **v.**                                       Case No. 08-cv-168-PB
                                                            Opinion No. 2009 DNH 184

**SKF USA, Inc.**

## O R D E R

Defendant SKF USA, Inc. has moved to strike a jury demand filed by plaintiffs Robert Rockwood and Roxana Marchosky.

SKF argues that Rockwood and Marchosky have no right to a jury trial because their claims arise from an option agreement in which they waived their right to a jury trial. Plaintiffs agree that the waiver is valid and covers the claims presented in their complaint. (See Pls.' Mem. of Law in Supp. of Objection to Def.'s Mot. to Strike, Doc. No. 54-2, at 10.) Nevertheless, they argue that they are entitled to a jury trial because SKF made its own jury demand which it cannot now withdraw without plaintiffs' consent.

Rockwood and Marchosky base their argument on Federal Rule of Civil Procedure 38(d), which provides in pertinent part that "[a] proper demand [for a jury trial] may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). However, Rule 38 -

as its caption suggests[1] - applies only when a party has a right to a jury trial.  Kramer v. Banc of Am. Sec., 355 F.3d 961, 968 (7th Cir. 2004).  In this case, the parties do not have a right to a jury trial because they waived that right in the option agreement.  See Mowbray v. Zumot, 536 F. Supp. 2d 617, 621-22 (D. Md. 2008) (no federal right to a jury trial when the right is contractually waived); Bear Sterns Funding, Inc. v. Interface Group-Nevada, Inc., No. 03 Civ. 8259(CSH), 2007 WL 328665, at *2 (S.D.N.Y. Nov. 7, 2007) (same); Great Earth Int'l Franchising Corp. v. Milks Dev., 311 F. Supp. 2d 419, 437 (S.D.N.Y. 2004) (same).  Thus, Rule 38(d) does not apply.  Instead, Federal Rule of Civil Procedure 39(a)(2) provides the rule of decision, and it permits a court to strike a demand for a jury trial where "there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2).

Federal Rule of Civil Procedure 39(c) permits parties to consent to a jury trial of non-jury issues, and Rockwood and Marchosky might have argued that SKF's alleged demand for a jury trial was an expression of its consent to a jury trial.[2]  See

---

[1]  Rule 38 is captioned "Right to a Jury Trial; Demand."

[2]  SKF challenges plaintiffs' contention that it made its own demand for a jury trial.  Because I determine that Rule 38 is inapplicable, and SKF permissibly withdrew any consent to a jury trial it might have given under Rule 39, I need not resolve this particular dispute to decide the motion to strike.

Fed. R. Civ. P. 39(c).  Any such argument would have been unavailing, however, because SKF withdrew its consent when it filed its motion to strike.  Unlike Rule 38, which bars a party from unilaterally withdrawing a jury demand where there is a right to a jury trial, Rule 39 does not preclude a party from withdrawing its consent to a jury trial of non-jury issues. Kramer, 355 F.3d at 968.  Thus, any attempt to oppose the motion to strike based on Rule 39 would have been futile.

Although I need go no further to justify my ruling, I note that I am unpersuaded by plaintiffs' claim of prejudice. Plaintiffs' contention that they were forced to retain experts in anticipation of a jury trial that they may not need to present at a bench trial rings hollow and, in any event, plaintiffs knew of SKF's intention to seek a bench trial before they were required to disclose their expert's reports.

SKF's Motion to Strike Plaintiffs' Jury Demand (Doc. No. 52) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 3, 2009

cc:  James W. Donchess, Esq.
     Roxana Marchosky, Esq.

```
Deborah Ann Notinger, Esq.
Steven M. Notinger, Esq.
David Richman, Esq.
Gregory A. Moffett, Esq.
Matthew R. Williams, Esq.
Peter G. Callaghan, Esq.
Alexander J. Walker, Esq.
```