UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Robert Rockwood
and Roxana Marchosky

    v.                                  Civil No. 08-cv-168-JL

SKF USA Inc.


**O R D E R**

Defendant SKF, Inc. has filed (1) a motion for reconsideration of this court's order granting the plaintiffs' ex parte motion for an extension of their deadline to obtain new counsel in this action (the court previously allowed their former counsel to withdraw) and (2) a motion to unseal the ex parte motion.  SKF argues that, by granting the extension on an ex parte basis, the court "deprived [SKF] of due process of law" and participated in creating "an appearance of impropriety."  Indeed, SKF goes so far as to suggest that the court violated Canon 3A(4) of the Code of Conduct for United States Judges, which states--in the outdated version quoted by SKF--"[a] judge should accord every person who is legally interested in a proceeding, or the person's lawyer, full right to be heard according to law and, except as authorized by law, should neither initiate nor consider

ex parte communications on the merits, or procedures affecting the merits, of a pending or impending proceeding."[1]

Before deciding to level these extremely serious charges, SKF's counsel--who include an highly experienced litigator from a prominent Philadelphia law firm and a well-regarded New Hampshire attorney who regularly appears before this court--would have been well-advised to check the rules, which specifically authorize this court's procedural handling of the plaintiffs' motions. First, Rule 6(b)(1) of the Federal Rules of Civil Procedure provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

As a number of courts have recognized, this rule expressly allows extensions of time "without notice," i.e., on an ex parte basis (provided, as was the case here, the extension is asked or given before the deadline in question passes). See, e.g., Cane Creek Cycling Components, Inc. v. Tien Hsin Indus. Co., No. 07-133, 2007 WL 3028321, at *1 (W.D.N.C. Oct. 15, 2007); Wilkerson v. Jones, 211 F. Supp. 2d 856, 858 (E.D. Mich. 2002); Patel v.

---

[1]This is the version of Canon 3A(4) that was in effect until July 1, 2009, when the Code underwent major revisions. The current version of Canon 3A(4), however, is substantially the same as the former version quoted by SKF.

Dameron Hosp., No. 99-1275, 2000 WL 35619441, at *4 n.4 (E.D. Cal. June 23, 2000); Carson v. Roper, No. 89-162, 1994 WL 62100, at *5 (N.D. Cal. Feb. 11, 1994); Dayton Monetary Assocs. v. Donaldson, Lufkin & Jenrette Secs. Corp., Nos. 91-250 et al., 1992 WL 204374, at *8 n.8 (S.D.N.Y. Aug. 11, 1992); Gassett v. Scully, No. 83-6240, 1985 WL 1020, at *1 (S.D.N.Y. May 2, 1985) ("Petitioner . . . argues that the Court may not grant an extension of time unless the party requesting the extension serves a copy of that request on opposing parties.  This argument is simply without merit.").

Some of these decisions, in fact, reject the very same argument SKF makes here--that it was improper to grant one party's request for an extension of time without first notifying the others.  See Carson, 1994 WL 62100, at *5; Gassett, 1985 WL 1020, at *1.  There is one difference, though:  in those cases, the argument was being made by a pro se prisoner, while in this case it is being made by experienced litigators.

Second, the local rules of this court authorize the sealing of filings so that they may be reviewed only by the party who filed them, L.R. 83.11(b)(2), as well as the sealing of motions to seal themselves, L.R. 83.11(c) ("Any motion to seal, upon specific request, may also be sealed if it contains a discussion of the confidential material.").  So there was nothing improper

about sealing either the ex parte motion or the motion to seal itself.  It seems silly to have to explain that, if an ex parte motion is to retain its ex parte character, it must be filed under seal, and the motion for filing it under seal must not itself be publicly filed or served upon opposing counsel.  See Fed. R. Civ. P. 5(a)(1)(D) (exempting ex parte motions from the service requirement applicable to all other written motions).

It is clear, then, that the court's ex parte treatment of the plaintiffs' motion to extend time and their motion to seal that filing was fully consistent with the Federal Rules of Civil Procedure and this court's local rules and therefore did not deny SKF its constitutional right to due process or violate the code of judicial conduct.  Moreover, the rules aside, it borders on the outrageous to argue that granting a litigant two additional months to find counsel, after its former attorneys withdrew on the eve of trial, could amount to such a serious transgression of the opposing party's rights or judicial ethical standards, even if done ex parte.

In any event, because the positions SKF took in its motions to reconsider and to unseal (neither of which cite a single case) are so clearly foreclosed by the plain language of the rules, this court is concerned that SKF's attorneys filed them in violation of Rule 11(b)(2), which requires that "legal

contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Although the court will, at this juncture, stop short of requiring SKF's counsel of record to show cause why filing the motions to reconsider and to unseal did not violate Rule 11(b), see Fed. R. Civ. P. 11(c)(3), the court is actively considering the imposition of sanctions up to and including the revocation of Philadelphia counsel's pro hac vice status.  See L.R. 83.2(b). In the meantime, SKF's motion to unseal[2] and its motion to reconsider[3] are DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 19, 2010

cc:  Roxana Marchosky, Esq.
     David Richman, Esq.
     Gregory A. Moffett, Esq.
     Matthew R. Williams, Esq.
     Peter G. Callaghan, Esq.
     Alexander J. Walker, Esq.
     James W. Donchess, pro se

---

[2]Document no. 160.

[3]Document no. 161.