UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Robert Rockwood
and Roxana Marchosky

   v.                                    Civil No. 08-cv-168-JL

SKF USA Inc.


**SUMMARY ORDER**

Plaintiffs Robert Rockwood and Roxana Marchosky have moved

to amend their complaint in this action, which arises out of a

failed deal between them and defendant SKF USA, Inc. for the

acquisition of the plaintiffs' company, Environamics, Inc.  The

motion follows the appearance of new counsel for the plaintiffs,

whose former counsel withdrew with leave of court as the trial

date approached.  SKF objects to the proposed amendment as not

only untimely, but futile, arguing that it is barred by judicial

estoppel and fails to state a claim for relief in any event.

The prior version of the plaintiffs' complaint included,

among other claims, a count for promissory estoppel.[1]  In support

of this claim, the plaintiffs alleged that SKF made two promises:

(1) that "it would definitely exercise its option to purchase

_____

[1]The second amended complaint also made claims for breach of
contract (count 1), equitable estoppel (count 3), violation of
the New Hampshire Consumer Protection Act (count 4), and
violation of the covenant of good faith (count 5).

Environamics pursuant to the terms of the Option Agreement," a written contract between the parties, and (2) that "its sales efforts would conform with [a] letter [from its vice president of business development] including that SKF would spend $10 million and put numerous salespeople in the field as part of its sales effort on Environamics products."  The plaintiffs alleged that they had relied on these promises to their detriment, most significantly by personally guaranteeing a bank loan to Environamics, on which it eventually defaulted.

SKF moved for summary judgment on all of the plaintiffs' claims, arguing, as to the promissory estoppel count, that the alleged promises were too vague to enforce.  SKF characterized the alleged promises as (1) a promise to buy Environamics, as distinguished from a promise to buy Environamics pursuant to the terms of the option agreement and (2) to expend the sales efforts outlined in the letter.  At oral argument on the summary judgment motion, the court (Barbadoro, J.) ordered each of the plaintiffs to file an affidavit stating "the time, place and specific content of each of the two oral contracts" alleged.

During an ensuing discussion, counsel for the plaintiffs made reference to another Environamics employee who claimed to have heard the alleged oral promises.  The court responded that what this employee claimed to have heard was that SKF "was going

to buy the company.  That isn't an agreement that's sufficiently definite to be enforceable."  Counsel for the plaintiffs responded, "yes."  Judge Barbadoro court went on to state that, based on Rockwood's interrogatory answers, he should be able to "swear to a statement that [SKF] told [him that it] would buy the company in accordance with the terms of the option.  If [SKF] did that, then that is an offer, it's sufficiently definite."  Each of the plaintiffs went on to submit an affidavit attesting to a number of oral statements by SKF's vice president that SKF would buy Environamics pursuant to the Option Agreement.  The court then denied SKF's motion for summary judgment in a margin order.

Through their pending motion to amend, the plaintiffs seek to add a number of allegations in support of the promissory estoppel claim so, as they explain, "it is tied to the larger and more general promise, 'Don't worry, we are buying your company.' It is this inducement that gives rise to the amended claim."[2] SKF argues that this theory is essentially the same one preemptively rejected by the court at the summary judgment hearing and, as a result, abandoned by the plaintiffs, who

---

[2]In the proposed amended complaint, the promissory estoppel claim no longer relies on SKF's alleged commitment to expend $10 million in a sales campaign for Environamics products, though that allegation still appears in support of other claims, i.e., breach of contract, breach of the covenant of good faith, and violation of the Consumer Protection Act.

asserted instead that SKF had made oral promises to buy

Environamics pursuant to the terms of the Option Agreement.

Thus, SKF maintains, the plaintiffs are judicially estopped from

resurrecting, through the proposed amendment, a theory based on

SKF's allegedly "more general" promises to buy the company.

"The doctrine of judicial estoppel generally prevents a

party from prevailing in one phase of a case on an argument and

then relying on a contradictory argument to prevail in another

phase."  Redeford v. U.S. Airways, Inc., 589 F.3d 30, 38 (1st

Cir. 2009) (quotation marks omitted).  In the court's view, the

plaintiffs have not done that here, because their current theory

that SKF made "general" promises to buy Environamics does not

necessarily contradict their prior theory that SKF made promises

to buy Environamics pursuant to the terms of the Option

Agreement.  Indeed, the allegations set forth in support of the

proposed promissory estoppel claim describe a variety of conduct

by SKF that was not discussed in the plaintiffs' affidavits

submitted in support of the original promissory estoppel claim.

It is not logically impossible that SKF could have engaged in

certain conduct toward the plaintiffs that caused them to believe

it was buying their company under the Option Agreement, and other

conduct toward the plaintiffs that caused them to believe SKF was

buying their company on some other terms (though, it must be

said, the possibility that different promises could have been inferred from the same overall course of conduct may suggest that relying on either promise was not particularly reasonable).

Furthermore, while judicial estoppel (or some similar doctrine) would likely prevent the plaintiffs from reviving a theory they affirmatively disclaimed at an earlier stage of the case, that did not happen here either.  It is true that, at the summary judgment hearing, the plaintiffs agreed with the court that their promissory estoppel claim was that SKF "orally agreed to modify the option to make it an irrevocable commitment to purchase as per the terms of the option" and that plaintiffs "relied on that oral representation in committing . . . to do things such as guarantee [the] loans."  But the plaintiffs stopped short of saying what their promissory estoppel claim was not, and Judge Barbadoro did not ask them to do so.

At most, the plaintiffs acquiesced in the court's view that testimony from another Environamics employee about SKF's statements that it "was going to buy the company" would not save their promissory estoppel claim from summary judgment because "[t]hat isn't an agreement that's sufficiently definite to be enforceable."  That exchange would likely bar the plaintiffs from now asserting a promissory estoppel claim based solely on such statements.  The proposed promissory estoppel claim, however,

relies on additional conduct by SKF, not simply unelaborated statements that it would buy Environamics.

This is not to suggest that the plaintiff's proposed promissory estoppel claim is problem-free, by any means.  First, SKF argued in its summary judgment motion that any alleged oral promises to buy Environamics were too vague to support a promissory estoppel claim because they lacked "any essential terms, including the timing, the price, and the structure of the proposed deal."  It is reasonable to assume that the court did not reach this argument in denying the motion, since, at the hearing, the plaintiffs characterized their promissory estoppel claim as based on allegedly more specific promises to buy the company pursuant to the terms of the option agreement.  Thus, as SKF understandably complains, it may have lost the opportunity to have the court consider a summary judgment argument directed at the very claim the plaintiffs now seek to add.

Second, and relatedly, the court is less confident than the plaintiffs that the promises to buy Environamics set forth in the proposed amended complaint do not suffer from the same vagueness problem that SKF identified in moving for summary judgment. While the proposed amendment alleges a variety of conduct by SKF, and the plaintiffs' recent reply memorandum persuasively shows that a party's conduct may imply or inform the promise supporting

a promissory estoppel claim, it is unclear how the alleged
conduct supplies the terms necessary to make the alleged promise
to buy the company sufficiently specific.

Under some circumstances, these concerns could justify
rejecting the proposed amendment on the grounds that it is futile
or unfairly prejudicial to SKF.  Here, though, those concerns can
be effectively addressed as the result of two proposals the
plaintiffs make in their reply memorandum.  First, the plaintiffs
say that, if their proposed amendment is allowed, they will "not
pursue claims for breach of contract or that specifically arise
in connection with the Option Agreement."  Dropping those claims
should narrow the case considerably, making it less complicated
and costly for SKF to defend--and lessening any prejudice it
would suffer as a result of the late amendment.

Second, and to like effect, the plaintiffs also note that
the court could "revisit the summary judgment motion based on
[the] Amendment," though they assert that such an exercise would
be "futile, as the record of the case thoroughly supports [their]
claims."  Again, the court is less confident than the plaintiffs
on this point, because it is unclear how the conduct newly
alleged in the proposed amended complaint lends the requisite
specificity to SKF's alleged promise to "buy the company."  In
fairness to SKF, then, the court will entertain a motion for

summary judgment directed at the plaintiffs' new promissory

estoppel theory.  Counsel shall confer as soon as possible to

work out a briefing schedule for that motion and shall propose it

to the court by way of joint motion.  If counsel cannot agree on

a schedule, they should advise the clerk by telephone, and the

court will order one.

        For the foregoing reasons, the plaintiffs' motion to amend

(document no. 175) is GRANTED.

        **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 24, 2010

cc:  Donald C. Crandlemire, Esq.
     Steven M. Gordon, Esq.
     William E. Aivalikles, Esq.
     David Richman, Esq.
     Gregory A. Moffett, Esq.
     Matthew R. Williams, Esq.
     Peter G. Callaghan, Esq.
     Alexander J. Walker, Esq.